# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KENNETH JEFFERIES**<br>    La. DOC #525585<br>VS.<br><br>**WARDEN GARY ALLEN, ET AL.** | **CIVIL ACTION NO. 08-1888**<br><br>**SECTION P**<br>**JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenneth Jefferies, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 18, 2008, in the United States District Court for the Middle District of Louisiana. In due course, the complaint was transferred to this court. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC); he is currently incarcerated at the LaSalle Corrections Center, Olla, Louisiana, but he complains that a $38.00 money order was stolen or lost by jail officials at the Richwood Corrections Center (RCC), Monroe, Louisiana, during the time he was incarcerated there in July 2008. He sues RCC, the "Holliday Circle," its owner, and RCC Warden Gary Allen. He prays that charges be pressed for mail tampering and for the loss of his money order. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an inmate in the custody of the LDOC. On July 12, 2008, he was transferred to the RCC. Upon his arrival, his personal property was checked or inventoried by jail personnel. According to plaintiff, he had a $38.00 money order in his property; however, the funds were

never posted to his RCC prison account, although he did receive a receipt for the funds from Warden Allen. Plaintiff complained to Warden Tillery and to Warden Allen; the latter assured plaintiff that the funds would be replaced; however, plaintiff contends that the defendants have failed to live up to their promise. Shortly thereafter plaintiff was transferred to another prison and he has not yet received his missing funds.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

## 2. Parratt/Hudson

Plaintiff claims that his money order was lost or stolen when he transferred to RCC. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff's claim implicates the due process clause of the Fourteenth Amendment. The Due Process Clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. Here, plaintiff complains that he was deprived of property – his money– without due process.

A claim for random deprivation of personal property is not cognizable under §1983. In

*Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams,* 474 U.S. 327, 335, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). Even in instances where intentional deprivation occurs, as implied herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated, so long as the deprivation was "random." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when plaintiff's money order was either lost or stolen. Thus, since plaintiff's loss was the result of a random and unauthorized

4

deprivation, he is not entitled to relief pursuant to §1983 if adequate state law remedies are available.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence or for the intentional torts committed by the defendants. See La. Civil Code article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's claim lacks an arguable basis in law and therefore this claim should also be dismissed as frivolous.

### *3. Criminal Prosecution*

Plaintiff also implies that he is entitled to press criminal charges against those responsible for his loss. Plaintiff should address that request to the appropriate local criminal justice agency. The Court does not investigate or institute criminal prosecutions. Indeed, the ultimate decision whether to prosecute or file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### *4. Conclusion and Recommendation*

Plaintiff's claims are manifestly frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE